IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY SCHADEL,<br><br>Plaintiff,<br><br>v.<br><br>BILL GOCHIS and SCOTT ROGERS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CLAIMS**<br><br>Case No. 2:19-cv-00494<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Larry Schadel sued Defendants Bill Gochis and Scott Rogers, alleging violations of Plaintiff's constitutional rights. After Defendants moved to dismiss. Plaintiff filed an amended complaint, omitting some of his federal constitutional claims, but adding state-law claims for breach of contract. Defendants again moved to dismiss. For the following reasons, the court dismisses Plaintiff's claims.[1]

**I.**

The following facts are drawn from the amended complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff worked as a special education teacher for Tooele County School District from September 2013 to May 2014. *See* Dkt. No. 12 ("Am. Compl.") at 1–2. During this time, Defendant Gochis "was the Principal of Tooele County High School," and Defendant Rogers "was the Superintendent of Schools for Tooele County School District." *Id.* at 2. Defendant Gochis also served as Plaintiff's supervisor. *See id.*

---

[1] Having reviewed the parties' briefs and the filings in this case, the court finds oral argument unnecessary and decides Defendants' motion "on the basis of the written memoranda of the parties." DUCivR 7-1(f).

Throughout his employment, Plaintiff was concerned about the resources and policies of the School District's special education program. *See id.* at 2–3. For instance, Plaintiff "was not given access to the IEP [Individualized Education Program] files for [his] students when he was first hired," "was not given a computer . . . until well over a month of" being hired, and "was never given any training on" the IEP program used by the School District. *Id.* at 5–6. And once Plaintiff did gain access to the IEP files, he noticed that many were incomplete, some were erroneous or even missing, and others were "change[d] without [Plaintiff's] input." *Id.* at 6–7. As a result, Plaintiff was unable to perform his duties properly, *see id.*, and he complained about these and other issues to Defendants and the School District, *see id.* at 8.

Plaintiff's complaints were not well received. Defendants "did nothing to remedy the situation" and "gave him bad performance reviews for failing to just 'comply' with the policies and customs of the School District." *Id.* (cleaned up). At some point, moreover, Plaintiff "was told if he continued to complain, he would not have a chance at getting tenure with the school." *Id.* at 7.

In February 2014, the School District decided not to renew Plaintiff's employment contract. *See id.* at 5. And on May 1, Defendant Gochis sent Plaintiff a letter warning him that he might be terminated even before the end of the school year:

> I am writing you this letter regarding some concerns I have about your obligations here at THS. As you know your contract will not be renewed for the upcoming school year. It was my hope that you would be able to finish out this school year. Unfortunately, I continue to receive complaints from both students and parents regarding your behavior. The complaints continue to center around the use of inappropriate language and comments that are directed toward students. Again, I was hoping you could finish out the year without incident. However, if this behavior continues I will intercede and terminate your employment immediately.

*Id.* at 19–20.[2]

In the days that followed, Defendant Gochis also wrote to the superintendents accusing Plaintiff of improperly disciplining his students. *See id.* at 23–24. Plaintiff "was denied . . . an investigation and hearing," "place[d] [ ] on administrated leave," and "terminated shortly thereafter"—all "prior to the end of the school year." *Id.* at 20. Plaintiff has not found a full-time teaching position since his termination. *See id.* He "was offered a full-time position with Granite School District but the position was later revoked when Granite School District received a reference from Tooele School District." *Id.*

In 2018, Plaintiff learned through a subpoena that on the same day he received Defendant Gochis' letter about his "use of inappropriate language and comments," Defendant Gochis sent a different letter to the superintendents. In this letter, Defendant Gochis "indicated he had received a call from a father of a student with the claim that [Plaintiff] spoke to students in an inappropriate way." *Id.* at 19. "[The letter] claimed that [Plaintiff] called female students, 'babe,' 'cute,' and a 'queen in his eyes' and that it made [the female student] feel uncomfortable and that he 'often refers to girls in the same manner.'" *Id.* Plaintiff "denies these accusations and maintains that they are false and fabricated and that he did not speak to [ ] students in such a way." *Id.* at 19. In addition, Plaintiff believes that this letter "was communicated to Granite School District" after Plaintiff "was offered a full-time position with Granite School District." *Id.* at 20–21. As noted, this offer "was later revoked when Granite School District received a reference from Tooele School District." *Id*. at 20.

---

[2] In the amended complaint, Plaintiff alleges that this letter was sent on May 1, *2015*. Given the discrepancy between this allegation and the dates of Plaintiff's employment period and Plaintiff's termination, the court assumes this is typographical error.

3

In July 2019, Plaintiff filed this action against Defendants, alleging five claims under 42 U.S.C. § 1983. *See* Dkt. No. 2. Defendant Gochis then moved to dismiss Plaintiff's complaint, *see* Dkt. No. 8, and Defendant Rogers moved to dismiss the complaint soon thereafter, *see* Dkt. No. 10.

On September 30, 2019, Plaintiff filed an amended complaint against both Defendants, adding various claims for breach of contract, removing two of the five Section 1983 claims alleged in the original complaint, and altering some of the allegations supporting the three remaining Section 1983 claims.[3] In the remaining Section 1983 claims, Plaintiff alleges that he "was deprived of his due process liberty interests to his reputation without due process of law," *id.* at 19–25, that he "was denied equal protection under the laws by [Defendant] Gochis and [Defendant] Rogers," *id.* at 25–28, and that "[Defendant] Rogers failed to supervise [Defendant] Gochis that denied [Plaintiff] of his right to his public profession," *id.* at 28–30. Shortly thereafter, Defendants jointly moved to dismiss the amended complaint. *See* Dkt. No. 13.

**II.**

Although Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,'" "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[3] This was more than 21 days after Defendant Gochis moved to dismiss on September 5, 2019. Plaintiff filed his amended complaint without this court's leave and, it appears, also without Defendant Gochis' written consent. *See* Fed. R. Civ. P. 15(a); *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011). Defendants, however, have not objected to Plaintiff's apparent disregard of the requirements of Rule 15(a).

4

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.

All three of Plaintiff's Section 1983 claims must be dismissed for failure to state a claim.[4]

*First*, Plaintiff's claim that Defendants deprived him of his liberty interest in his reputation must be dismissed because Plaintiff fails plausibly to allege that Defendants "published" the alleged false statements. The Tenth Circuit has "delineated a four-part test" "that a plaintiff must satisfy to demonstrate a deprivation of liberty" in this context:

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published.

---

[4] Although the briefing in this case is not as clear as the court would like, the court believes that Defendants' initial motions to dismiss are fairly understood to argue that each of Plaintiff's § 1983 claims fails to state a claim. *See, e.g.*, Dkt. No. 8 at 8–9, 18–19. While "it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect," *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (simplified), "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending," 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2020). Rather, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.*; *Roundtree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018). Although Plaintiff did make alterations to the remaining § 1983 claims when he amended his complaint, as discussed further below, the court finds that "some of the defects raised in the original motion [to dismiss] remain" and thus treats the original motions to dismiss, as well as subsequent motion, as directed to the amended complaint. "To hold otherwise would be to exalt form over substance," Wright, *supra*, and would also reward Plaintiff and penalize Defendant Gochis for Plaintiff's improper filing of an amended complaint, *see* n. 3, *supra*.

5

*Renaud v. Wyoming Dept. of Family Servs.*, 203 F.3d 723, 727 (10th Cir. 2000) (quoting *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994)). "[I]ntra-government dissemination, by itself, falls short of the Supreme Court's notion of publication: 'to be made public.'" *Asbill v. Housing Authority of Choctaw Nation of Oklahoma*, 726 F.2d 1499, 1503 (10th Cir. 1984) (citing *Bishop v. Wood*, 426 U.S. 341, 348 (1976)).

Plaintiff alleges that the letter reporting accusations of sexual harassment "was sent to superintendents," and "was also published and placed in [Plaintiff's] personal file as well as published to school administrators." Am. Compl. at 19–21. Plaintiff also alleges that he "was offered a full-time position with Granite School District but the position was later revoked when Granite School District received a reference from Tooele School District" and "maintains that what was communicated to Granite School district involved the false claims of misconduct." *Id.* at 20–21. Plaintiff further alleges that Mr. Gochis sent a letter to the superintendents accusing Plaintiff of poor behavior when disciplining his students. *Id.* at 23–24.

These allegations do not support a reasonable inference that Defendants "published" false statements. To the extent that Plaintiff means to allege that placing the allegedly false statements in his personnel file or sending them to superintendents, school administrators, and the Granite School district constitutes "publication," his claim fails as a matter of law. Such disclosures are all simply "intra-government dissemination[s]" and thus "fall[] short of the Supreme Court's notion of publication: 'to be made public.'" *Asbill*, 726 F.2d at 1503. And if Plaintiff means to allege that the statements were made public when they were placed in his personnel file or sent to school administrators, these allegations of publications are nothing more than "naked assertions devoid of further factual enhancement" and "threadbare recitals" of a required element of his claim unsupported by anything more than "mere conclusory statements." *Iqbal*, 556 U.S.

at 678 (cleaned up). Because "Plaintiff has failed to [plausibly allege] one of the four essential elements that establish a deprivation of a liberty interest," the court dismisses this claim. *Renaud*, 203 F.3d at 728.

*Second*, Plaintiff fails to plead a plausible equal protection claim. Plaintiff alleges that he was treated unfairly "because he was male." Am. Compl. at 25; *see also id.* at 26 (alleging that Defendants' "actions deprived [Plaintiff] of his right to equal protection as a result based on his gender"). For instance, Plaintiff alleges that "[Defendant] Gochis raised a false claim against [Plaintiff] of sexual harassment because he was male as a means to retaliate against [Plaintiff]," that he was denied a hearing and was terminated "because [Plaintiff] was male with false accusations made against him by female students," and that the failure to investigate claims of sexual harassment "led to [the] denial of [Plaintiff's] right to equal protection as a male." Am. Compl. at 25–26. Plaintiff, however, offers no "factual enhancement" in support of his "naked assertions" that Defendants acted against him "*because he was male*." And "threadbare recitals" of the elements of an equal protection claim supported by "mere conclusory statements" will not suffice. The court thus dismisses this claim as well.

*Third*, Plaintiff's remaining Section 1983 claim also fails. Although the amended complaint is difficult to follow, the court finds that this claim is best understood to allege that Defendant Rogers failed to supervise Defendant Gochis, resulting in the alleged liberty interest and equal protection violations discussed above. *See* Am. Compl. at 29.[5] And because Plaintiff

---

[5] To be sure, Plaintiff alleges that "[Defendant] Rogers deprived [Plaintiff] of his rights explained in this complaint, including his right to his reputation, to equal protection, procedural due process and his liberty interest with his public employment." Am. Compl. at 29. The amended complaint, however, omits the previously asserted Section 1983 claim for deprivation of procedural due process, *see* Dkt. No. 2 at 6–7, and Plaintiff does not allege a Section 1983 claim for deprivation of his liberty interest in his public employment that is distinct from his claim for deprivation of his reputational liberty interest.

7

has failed adequately to allege either a deprivation of his reputational liberty interest or a violation of equal protection rights, Plaintiff's failure to supervise claim must be dismissed.

## IV.

Plaintiff's remaining claims allege breaches of his employment contract with Tooele School District. *See* Am. Compl. 3–4. Because the court dismisses Plaintiff's federal claims, and because Plaintiff has not alleged diversity jurisdiction, the court will dismiss Plaintiff's state law claims as well. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010); *see also* Am. Compl. at 1–2 (alleging only federal-question jurisdiction).[6]

\*   \*   \*

For the foregoing reasons, the court **DISMISSES PLAINTIFF'S CLAIMS**. Because Plaintiff's amended complaint failed to cure the defects in his federal claims identified by the initial motion to dismiss, the court dismisses these claims with prejudice. The court dismisses Plaintiff's state law claims without prejudice.

**IT IS SO ORDERED.**

---

[6] Although the amended complaint is difficult to follow, Plaintiff does allege that certain terms of his contract required Defendants to comply with various provisions of federal law and that Defendants breached his employment contract by failing to do so. *See, e.g.*, Am. Compl. at 7. But it is "long-settled" that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)) (quotation marks omitted). Plaintiff does not allege in his complaint nor argue in his response to Defendants' motion that his allegations regarding these underlying violations of federal law clear the high-hurdle required to invoke the "so-called 'substantial question' branch of federal question jurisdiction" available only for "'a "special and small category" of cases.'" *Id.* at 947 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

DATED this 5th day of August, 2020.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge